Adam K. Derman
**WOLFF & SAMSON PC**
One Boland Drive
West Orange, New Jersey 07052
(973) 530-2027
(973) 530-2227 (fax)

*Attorneys for Defendants*

Marc T.G. Dworsky (*pro hac vice* forthcoming)
James C. Rutten (*pro hac vice* forthcoming)
Achyut J. Phadke (*pro hac vice* forthcoming)
Erin J. Cox (*pro hac vice* forthcoming)
**MUNGER, TOLLES & OLSON LLP**
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
(213) 683-9100
(213) 687-3702 (fax)

*Of Counsel*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PRUDENTIAL INVESTMENT PORTFOLIOS 2 and THE PRUDENTIAL SERIES FUND,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION; ASSET BACKED FUNDING CORPORATION; BANC OF AMERICA MORTGAGE SECURITIES, INC.; BANC OF AMERICA FUNDING CORPORATION; MERRILL LYNCH & CO., INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.; MERRILL LYNCH MORTGAGE INVESTORS, INC.; MERRILL LYNCH MORTGAGE CAPITAL, INC.; MERRILL LYNCH MORTGAGE LENDING, INC.; and FIRST FRANKLIN FINANCIAL CORPORATION,<br><br>Defendants. | Civil Action No. _____<br><br>Honorable _____<br>United States District Judge<br><br>Removed from:<br><br>Superior Court of New Jersey, Law Division, Essex County, Docket No. L-4540-14<br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441, 1446 and 1452, Defendants Bank of America, N.A.; Asset Backed Funding Corporation, Banc of America Mortgage Securities, Inc.; Banc of America Funding Corporation; Merrill Lynch & Co., Inc. (n/k/a Bank of America Corporation); Merrill Lynch, Pierce, Fenner & Smith Inc. (f/k/a Banc of America Securities LLC); Merrill Lynch Mortgage Investors, Inc.; Merrill Lynch Mortgage Capital, Inc.; Merrill Lynch Mortgage Lending, Inc.; and First Franklin Financial Corporation

(collectively, "Defendants") hereby remove Case No. ESX-L-4540-14 from the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey (the "Action").[1]  In support of this notice, Defendants state as follows:

1.      This Court has original jurisdiction over the Action pursuant to 28 U.S.C. § 1334(b) because the Action is "related to" pending bankruptcy proceedings arising under Title 11 of the United States Code.  Accordingly, the Action may be removed pursuant to 28 U.S.C. §§ 1441(a) and 1452(a).

## I.      PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

2.      On or about June 26, 2014, plaintiffs Prudential Investment Portfolios 2 ("PIP2") and The Prudential Series Fund (collectively with PIP2, "Plaintiffs") filed a complaint (the "Complaint") in the Superior Court of New Jersey, Law Division, Essex County (the "State Court Action").  The State Court Action has been assigned Docket No. ESX-L-4540-14.

3.      In the Complaint, Plaintiffs allege that they purchased certificates in 13 tranches (the "Certificates") from 11 residential mortgage-backed securities offerings (the "Offerings").  (*See* Exs. A-B to Complaint (Complaint and Exhibits attached at **Exhibit 1**).)[2] Plaintiffs allege that the Defendants acted as sponsors, issuers, underwriters, and/or depositors in the Offerings, or are otherwise liable for the conduct of the Defendant entities that served in these roles in the relevant offering.  (Complaint ¶¶ 31-45 & Ex. A to Complaint.)

---

[1] Defendants appear for the purpose of removal only and for no other purpose, and do not waive, and expressly preserve, all rights, claims and defenses of any nature whatsoever, including, without limitation, all defenses relating to service of process, jurisdiction, venue, and arbitrability.

[2] Unless otherwise noted, all citations to exhibits are to the exhibits attached to this Notice of Removal.

4.      Plaintiffs further allege that the Defendants made misrepresentations in the offering materials for the Offerings concerning the residential mortgage-backed securities ("RMBS") and the mortgage loans underlying such RMBS.  (Complaint ¶¶ 101-326.)

5.      Plaintiffs purport to bring claims of common law fraud, fraudulent inducement, aiding and abetting fraud, fraudulent concealment, equitable fraud, negligent misrepresentation, and violations of the New Jersey Civil RICO statute.  (Complaint ¶¶ 580-683.)  Plaintiffs seek monetary losses, treble damages, rescission of their purchases of the Certificates, punitive damages, prejudgment interest, costs and attorneys' fees.  (Complaint Prayer for Relief.)

6.      On June 30, 2014, the Defendants accepted service of the Complaint, reserving all of the Defendants' rights.

7.      The Defendants' time to respond to the Summons and Complaint by answer or motion to dismiss has not expired, and no defendant has yet answered, moved, or otherwise appeared in the State Court Action.

8.      No motions or other proceedings are pending in the State Court Action.

9.      This notice of removal is timely under 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days of receipt by the Defendants of a copy of the Complaint.

10.     The identical parties, factual allegations, RMBS certificates, and claims made in the Complaint were previously before this Court in *Prudential Ins. Co. of Am. v. Bank of America, N.A.*, No. 13-CV-01586-SRC-CLW ("*Prudential v. BANA I*").  *Prudential v. BANA I* is currently pending in this District before Judge Chesler and has been litigated before Judge Chesler for more than a year.  The original complaint in *Prudential v. BANA I* was filed on March 14, 2013.  Plaintiffs PIP2 and Prudential Series Fund were among the plaintiffs named

in that original complaint, and these Plaintiffs brought the same claims that they do in the Complaint as to the same certificates.  On April 17, 2014, Judge Chesler partially dismissed the complaint in *Prudential v. BANA I*, including claims as to the all of the certificates at issue in the Complaint.  (*See* Judge Chesler's Opinion in *Prudential v. BANA I*, attached as **Exhibit 2**.) Judge Chesler granted the plaintiffs leave to replead.  When the plaintiffs in *Prudential v. BANA I* filed their amended complaint, they dropped claims by PIP2 and Prudential Series Fund.  While PIP2 and Prudential Series Fund have dropped out as plaintiffs from *Prudential v. BANA I*, the amended complaint filed by other Prudential plaintiffs in *Prudential v. BANA I* still includes claims relating to the same RMBS Offerings and virtually all of the same securities and tranches that are at issue in the Complaint, and it includes the same legal theories and causes of action against the same Defendants as are asserted in the Complaint.

## II.      PROCEDURAL REQUIREMENTS FOR REMOVAL UNDER 28 U.S.C. § 1446

11.      Venue is proper in this Court for removal purposes pursuant to 28 U.S.C. § 1446(a) because this Court is "the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1441(a); 28 U.S.C. § 110.

12.      Defendants have satisfied all requirements for removal set forth in 28 U.S.C. § 1446:

a.      Attached hereto as **Exhibit 1** is a copy of the Summons and Complaint received by the Defendants.  The Defendants have received no other process, pleadings, motions or orders in the State Court Action.

b.      Defendants have filed this Notice of Removal within 30 days after receiving a copy of the Complaint.

c.      Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a Notice of Filing of Notice of Removal with the Superior Court of New Jersey, Law Division, Essex County, and serve all parties with a copy of this Notice of Removal.

13.    This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.

14.    This is not a "core" proceeding within the meaning of 28 U.S.C. § 157(b) or Federal Rule of Bankruptcy Procedure 9027.  Defendants do not consent to entry of a final order or judgment by any bankruptcy judge.

## III.    SUBSTANTIVE GROUNDS FOR REMOVAL

### A.    Removal is Proper Based on "Related To" Bankruptcy Jurisdiction

15.    Removal is proper under 28 U.S.C. § 1452(a), which provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  28 U.S.C. § 1334, in turn, confers original jurisdiction upon this Court of all civil proceedings that are "related to cases under title 11" of the U.S. Code (*i.e.*, the Bankruptcy code).

16.    "Related-to" bankruptcy jurisdiction does not require that any of the parties to this case be in bankruptcy.  *See, e.g., Lone Star Fund V (US.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 386-87 (5th Cir. 2010); *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007) (finding "related-to" jurisdiction even where lawsuit only involved a claim against non-debtor's assets); *CoreStates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 204 (3d Cir. 1999) (asserting "related to" jurisdiction over dispute between non-debtors, while noting that focus of "related to" jurisdiction is on "[c]onceivable" effect of bankruptcy, and "[c]ertainty, or even likelihood [of effect on bankruptcy] is not a requirement" for exercise of jurisdiction);

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 308-12 (C.D. Cal. 2010) ("related to" jurisdiction existed notwithstanding fact that "all parties to this lawsuit are non-debtors").

17.     On May 14, 2012, Residential Capital LLC and many of its affiliates filed voluntary petitions for relief under Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.  Among the entities filing voluntary petitions for relief under Chapter 11 were Residential Funding Company, LLC; Residential Asset Mortgage Products, Inc.; Residential Funding Mortgage Securities II, Inc.; and Residential Capital, LLC.  *See In re Residential Funding Company, LLC*, Case No. 12-12019-MG (Bankr. S.D.N.Y.); *In re Residential Asset Securities Corporation*, No. 12-12054-MG (Bankr. S.D.N.Y.); *In re Residential Funding Mortgage Securities II, Inc.*, No. 12-12061-MG (Bankr. S.D.N.Y.); and *In re Residential Capital, LLC*, Case No. 12-12020-MG (Bankr. S.D.N.Y.).  These cases and those of certain other affiliates of Residential Capital LLC are being jointly administered under the caption *In re Residential Capital, LLC, et al.*, No. 12-12020 (the "ResCap Bankruptcy").

18.     These debtors in the ResCap Bankruptcy served as sponsors, servicers, and depositors for certain Certificates at issue in the Complaint.  As alleged in the Complaint:

a.     Residential Funding Corporation ("RFC") served as the Sponsor for RASC 2007-KS1 A3, RASC 2007-KS1 A4, and RFMS2-2005-HS2 AII.  (*See* Ex. A to Complaint.)  RFC also served as the servicer for RFMS2-2005-HS2 AII.  (*Id.*)

b.     Residential Funding Company, LLC served as the servicer for RASC 2007-KS1 A3 and RASC 2007-KS1 A4.  (*Id.*)

          c.      Residential Asset Securities Corp. ("RASC") served as the depositor for RASC 2007-KS1 A3 and RASC 2007-KS1 A4.  (*Id.*)

          d.      Residential Funding Mortgage Securities II ("RFMS II") served as the depositor for RFMS2-2005-HS2 AII.  (*Id.*)

19.     Defendant Merrill, Lynch, Pierce, Fenner & Smith Inc. ("MLPF&S") and Banc of America Securities LLC ("BAS"), which subsequently merged with and into MLPF&S, acted as underwriters for RASC 2007-KS1 A3, RASC 2007-KS1 A4, and RFMS-2005-HS2 AII (the "ResCap Certificates"), among others.  (*Id.*)  As underwriters for the Certificates, these parties are entitled to indemnification from the above Residential Capital affiliates (currently in bankruptcy proceedings) as to those Certificates.

20.     Plaintiffs' allegations in this case concern purported misstatements made in offering documents – including in registration statements, prospectuses, and prospectus supplements – regarding the underwriting and characteristics of the mortgage loans backing the Certificates that Plaintiffs allegedly bought.  Under the relevant Underwriting Agreements for the Certificates, the underwriters have claims for indemnification, contribution, and/or other obligations ("Indemnification Claims") against Residential Funding LLC, RASC, RFMS II, and/or RFC ("ResCap Entities") relating to the ResCap Certificates.  The relevant Underwriting Agreements between Defendants and the ResCap Entities and/or their affiliates, provide indemnification for the benefit of certain Defendants, including but not limited to indemnification for "any and all claims, damages, and liabilities (i) ***caused by any . . . alleged untrue statement of a material fact*** contained in the Registration Statement for the registration of the Certificates as originally filed or in any amendment thereof or other filing incorporated by reference therein, or in the Approved Offering Materials or the Prospectus or incorporated

by reference therein."  In light of the many allegations of material false statements in

registration statements, prospectuses, and offering documents that Plaintiffs make in the

Complaint (*see* Complaint ¶¶ 101-326 & Exs. C-M to Complaint), the Defendant underwriters

being sued in connection with the ResCap Certificates possess Indemnification Claims.  In

addition, the Defendant underwriters possess, and have asserted, any and all indemnification

rights available pursuant to statutory or common law.

       21.     The Defendant underwriters for the ResCap Certificates have filed

proofs of claim in the ResCap Bankruptcy relating to certain of the Certificates in the

Complaint asserting these rights of indemnification.  Defendants' proofs of claim filed with

respect to the ResCap Certificates are attached as **Exhibits 3-5**.  The alleged purchase price of

the relevant ResCap Certificates was $29.316 million.  (*See* Ex. B to Complaint.) [3]

       22.     This Action "relates to" the ResCap Bankruptcy proceedings because

certain Defendants' claims asserting indemnification rights related to the ResCap Certificates at

issue in this case "could conceivably have an[] effect" upon the distribution of the assets of the

relevant ResCap debtors or otherwise impact those debtors' "rights, liabilities, options, or

freedom of action" in connection with "the handling and administration of the bankrupt

estate."  *In re Pacor, Inc.*, 743 F.2d 984, 994 (3d Cir. 1984); *Belcufine v. Aloe*, 112 F.3d 633,

636 (3d Cir. 1997) (federal court had "related to" bankruptcy jurisdiction because defendants

had contractual rights of indemnification against the bankrupt entity); *CoreStates*, 176 F.3d at

204 (citing *Pacor*); *N.J. Dept of Treasury, Div. of Inv. v. Fuld*, 2009 WL 1810356, at *3-4

(D.N.J. June 25, 2009).  Accordingly, this Action may be removed pursuant to 28 U.S.C.

---

[3] Defendants' proofs of claim reference the offering referred to in the Complaint as "RFMS2 –
2005 HS2" as "HELT Series 2005-HS2."

§ 1334(b) and § 1452(a) because it is "related to" ongoing bankruptcy proceedings. *See, e.g., Lone Star Fund V*, 594 F.3d at 386 ("Federal courts have 'related to' subject matter jurisdiction over litigation arising from a bankruptcy case if the 'proceeding could conceivably affect the estate being administered in bankruptcy.'").[4]

23. Numerous courts have held that similar indemnification provisions confer "related to" bankruptcy jurisdiction in RMBS litigation. *See, e.g., Lone Star Fund V*, 594 F.3d at 387 ("related to" bankruptcy jurisdiction existed where third-party debtor agreed to indemnify RMBS seller "in a variety of circumstances, including any breach of a representation about the mortgages . . . and any claims made against [the seller] by third parties"); *Mass. Bricklayers & Masons Trust Funds v. Deutsche Alt-A Securities, Inc.*, 399 B.R. 119, 123 (E.D.N.Y. 2009) (in action by RMBS purchaser against seller, "related to" bankruptcy jurisdiction existed based on seller's indemnification claims in American Home Mortgage Corporation bankruptcy); *City of Ann Arbor Emps' Ret. Sys. v. Citigroup Mortg. Loan Trust Inc.*, 572 F. Supp. 2d 314, 317-19 (E.D.N.Y. 2008) (same).[5]

---

[4] Assuming, *arguendo*, that it were necessary for Defendants to show a "close nexus" to a federal bankruptcy proceeding, which it is not, this case would still be related to the ResCap Bankruptcy within the meaning of 28 U.S.C. § 1334(b) because the Defendants' indemnification claims directly affect the administration of the ResCap Bankruptcy proceeding and the amounts available for distribution to creditors in that proceeding. *See, e.g.*, *Stichting Pensioenfonds ABP*, 447 B.R. at 310-11.

[5] *See also Stichting Pensioenfonds ABP*, 447 B.R. at 309-11 ("related to" bankruptcy jurisdiction existed based on mortgage loan purchase agreements between Countrywide Home Loans, Inc. and American Home Mortgage Corporation and the proof of claim filed by Countrywide Home Loans, Inc. in the bankruptcy proceeding of American Home Mortgage Corporation); *Dexia Holdings, Inc. v. Countrywide Fin. Corp.*, No. 2:11-CV-07165-MRP-MAN, slip op. at 3 (C.D. Cal. Nov. 8, 2011) (same: "This Court recently found, on identical facts, that the indemnification rights present in the same Purchase Agreements impact the AHM [*i.e.* American Home Mortgage Corporation] bankruptcy estate and therefore provide the basis for federal jurisdiction.") (attached as **Exhibit 6**).

24.    Indeed, Plaintiffs and other Prudential entities have asserted claims in the ResCap Bankruptcy related to the very RMBS Certificates at issue in this case, underscoring the close connection between this Action and the ResCap Bankruptcy.  Plaintiffs and other Prudential entities filed proofs of claims in the ResCap Bankruptcy based on purported misstatements in offering documents relating to the ResCap Certificates.  (*See* **Exhibit 7** (Plaintiffs' Proof of Claim in ResCap Bankruptcy).)  Plaintiffs' proof of claim in the ResCap Bankruptcy contains allegations that are substantially similar to the allegations in the Complaint and allegations in *Prudential v. BANA I* currently pending in this Court.  (*Id.*)  As part of a group of settling RMBS investors in the ResCap Bankruptcy, the Prudential affiliates (including Plaintiffs) have since settled their claims in the ResCap Bankruptcy, but that settlement will affect Defendants' potential liability in this Action because any recovery by Plaintiffs in the ResCap bankruptcy will be offset against Defendants' purported liability to Plaintiffs.  This, in turn, will affect the extent of Defendants' indemnification claims in the ResCap bankruptcy.  *See, e.g.*, *In re SemCrude L.P.*, 428 B.R. 82, 99-100 (D. Del. 2010) (noting, in similar indemnification context, that "whatever [plaintiffs] recover against [defendants] will likely have a direct effect on the estate's obligations to the [indemnified defendants]"); *accord In re TXNB Internal Case*, 483 F.3d at 298 (Finding related-to jurisdiction because "[s]omeone owes [plaintiff] money for the gas; if it is not [defendant], it is the debtors.  If it is [defendant], then [defendant] will have discharged a liability for the debtors and, as the bankruptcy court recognized, probably will file a claim against the debtors' estates for reimbursement.")(internal citation omitted).

25.    Because this Action "relates to" the bankruptcy actions described above, it may be removed pursuant to 28 U.S.C. § 1452(a).

## IV.     EQUITABLE CONSIDERATIONS FURTHER SUPPORT REMOVAL

26.     Equitable considerations further support the exercise of federal jurisdiction over this Action.  The claims at issue in the Complaint were previously part of the *Prudential v. BANA I* action currently pending in the District of New Jersey.  As discussed, in March 2013, numerous Prudential affiliates, including Plaintiffs PIP2 and Prudential Series Fund, filed suit against Defendants alleging misstatements in offering documents prepared in connection with the sale of 78 certificates in 54 RMBS offerings between 2004 and 2007.  *See Prudential v. BANA I*, No. 13-CV-01586-SRC-CLW (D.N.J.) (Dkt. #1) (Complaint) (Relevant excerpts attached as **Exhibit 8**).  In the original *Prudential v. BANA I* complaint, Plaintiffs PIP2 and Prudential Series Fund brought the same claims relating to the same Certificates that are at issue in the Complaint.  (*See, e.g.*, *id.* ¶¶ 30, 36 & Ex. B thereto.)  Subsequently, on April 17, 2014, Judge Chesler of the District of New Jersey issued a lengthy opinion dismissing in large part many of the claims that the Prudential plaintiffs asserted in the federal action, giving the Prudential plaintiffs leave to replead.  *See Prudential v. BANA I*, No. 13-CV-01586-SRC-CLW (Dkt. #58) (opinion attached hereto as **Exhibit 2**).  That opinion covered all the claims that Plaintiffs have included in the Complaint.

27.     When the Prudential plaintiffs filed their amended complaint in *Prudential v. BANA I*, they dropped the claims asserted by PIP2 and Prudential Series Fund. *See Prudential v. BANA I*, 13-CV-01586-SRC-CLW (Dkt. #67) (excerpts of amended complaint attached as **Exhibit 9**).  PIP2 and Prudential Series Fund refiled their claims in state court, effectively splitting what had been one action commenced in federal court into two cases in federal and state court.  Although PIP2 and Prudential Series Fund were dropped as plaintiffs, the amended complaint in *Prudential v. BANA I* still includes claims by other

Prudential entities against all of the Defendants that relate to all of the Offerings and nearly all of the securities and tranches at issue in the Complaint.

28.     Any suggestion that the decision to divide the federal action into two parts was for jurisdictional reasons is inconsistent with Prudential's jurisdictional allegations in *Prudential v. BANA I.*  Plaintiffs have added allegations in the Complaint stating that PIP2 has trustees and beneficiaries in Delaware and New York, and the Prudential Series Fund has trustees in New York.  (Complaint ¶¶ 25-26.)  But those new allegations would not have deprived the federal district court of jurisdiction over PIP2 or the Prudential Series Fund's claims as part of the *Prudential v. BANA I* action.  In the amended complaint in *Prudential v. BANA I*, the plaintiffs asserted that the Court had federal question jurisdiction because of certain plaintiffs' 1933 Act claims, and had supplemental jurisdiction over all of the Prudential plaintiffs' state law claims in the Amended Complaint.  (*See* Exhibit 9 ¶ 62 (amended complaint in *Prudential v. BANA I*, alleging jurisdiction under 28 U.S.C. §§ 1331 and 1367).)  Because the legal claims asserted by PIP2 and Prudential Series Fund are the same as the state law claims asserted in *Prudential v. BANA I*, and because the state law claims in *Prudential v. BANA I* cover all of the Offerings and nearly all of the securities and tranches as to which Plaintiffs assert actionable misrepresentation and fraud here, the same jurisdictional statement would apply equally to PIP2 and Prudential Series Fund's claims as well.  Thus, there appears to have been little basis for belatedly dividing the case into two separate lawsuits, given the avowed basis for this Court to exercise jurisdiction over PIP2 and Prudential Series Fund's claims.

29.     Allowing removal of this case to federal court and keeping it together with *Prudential v. BANA I* is supported by a number of additional equitable considerations.

*First*, the claims in the Complaint compose a relatively small part of an ongoing case in the District of New Jersey between Prudential entities and Defendants that has been excised from the federal case mid-course.  Whereas the Complaint concerns approximately $119 million in purchases of RMBS (Compl. ¶ 1), the amended complaint in *Prudential v. BANA I* brings allegations with respect to $1.9 billion in RMBS purchases (*see* Exhibit 9 ¶ 1).  Judge Chesler is already familiar with, and has already ruled on, the issues that will arise in any motion to dismiss in this case.  Accordingly, if this Action is related (and consolidated) with *Prudential v. BANA I*, there will be little additional administrative burden to the Court or the parties.  In contrast, if the case is not removed, then a new state court will be forced to familiarize itself with facts, parties, and legal issues presented in the case.  *Second*, removal and relation of this case with *Prudential v. BANA I* prevents wasteful litigation over the application of Judge Chesler's rulings in his April 17, 2014 opinion to a newly carved-out action in state court. *Third*, and relatedly, given the complexity of this matter and the fact that Judge Chesler has already made many legal rulings in the April 17 opinion that control Plaintiffs' claims, this Action is more likely to be timely adjudicated before Judge Chesler than before a new judge in state court.

 **WHEREFORE**, for the reasons set forth above, Defendants remove this Action from the Superior Court of the State of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey.

Dated:  July 3, 2014

**WOLFF & SAMSON PC**

By: s/  Adam K. Derman
Adam K. Derman

One Boland Drive
West Orange, NJ 07052
Tel: (973) 530-2027
Fax: (973) 530-2227
aderman@wolffsamson.com

*Attorneys for defendants Bank of America, N.A.; Asset Backed Funding Corporation; Banc of America Mortgage Securities, Inc.; Banc of America Funding Corporation; Merrill Lynch & Co., Inc. (n/k/a Bank of America Corporation); Merrill Lynch, Pierce, Fenner & Smith Inc. (f/k/a Banc of America Securities LLC); Merrill Lynch Mortgage Investors, Inc.; Merrill Lynch Mortgage Capital Inc.; Merrill Lynch Mortgage Lending, Inc.; and First Franklin Financial Corporation*

Of Counsel:

**MUNGER, TOLLES & OLSON LLP**
Marc T.G. Dworsky (*pro hac vice* forthcoming)
James C. Rutten (*pro hac vice* forthcoming)
Achyut J. Phadke (*pro hac vice* forthcoming)
Erin J. Cox (*pro hac vice* forthcoming)
355 South Grand Avenue, 35th Floor
Los Angeles, California  90071
Tel: (213) 683-9100
Fax: (213) 687-3702
marc.dworsky@mto.com
james.rutten@mto.com
achyut.phadke@mto.com
erin.cox@mto.com